STATE, HENRY H. TIGER, PROSECUTOR, PLAINTIFF IN ERROR, v. COURT OF COMMON PLEAS OF MORRIS COUNTY, DEFENDANT IN ERROR.

1. An act was passed in 1878, withdrawing from the common council of Morristown the right to license inns and taverns. *Held*—That such repealing act was special and local, and therefore unconstitutional.

2. The fact that, by the repeal of the provision in the charter, the town will be made subject to the general law concerning inns and taverns, does not change the character of the repealing act; it is, nevertheless, a special and local law, regulating the internal affairs of the corporation.

On error to the Supreme Court.

For the plaintiff in error, *T. Little.*

The opinion of the court was delivered by

VAN SYCKEL, J.    Prior to 1878, the common council of Morristown, by its charter, had the exclusive power to grant tavern licenses within its corporate limits.

On the 12th of March, 1878, (*Pamph. L.,* p. 504,) an act was passed by which so much of the charter of Morristown as granted to the municipal authorities power to license inns and taverns, was repealed.    The question is, whether this act is constitutional.

This law is special in that it takes from Morristown alone a power which it, in common with many other municipalities, before possessed.    It is local in that it applies, by its terms, to one place only.

It regulates the internal affairs of Morristown by depriving the common council of the power to license, and subjecting it to another law in that respect, thereby controlling, by special enactment, a very important matter of internal policy.

It is this special act which regulates the internal affairs in this particular, by applying to the town a rule other than that which before governed it.

The constitutional amendment was designed to prohibit special legislation as to cities; that was the vice aimed at.    It not only prohibits special and local laws, but it commands the legislature to pass general laws providing for the cases enumerated in the paragraph inhibiting special legislation.

It is argued that a city charter may be created or repealed, or that additional territory may be added to a city by special and local law, and that, therefore, a single power committed to a city may be withdrawn by special legislation.    The conclusion is a *non sequitur.*

It is manifest that, if an entire charter was repealed, and immediately a new charter passed, containing desired alterations, it would be a mere evasion, and within the prohibition.

Tiger v. Morris Common Pleas.

The repeal of a charter does not regulate the internal affairs of a city; it extinguishes it, leaving no internal affairs to be regulated.

It may be extinguished, but it cannot be taken apart by piecemeal, by the instrumentality of special laws, because each separate attack upon it regulates its internal affairs.

The repeal of a section of a city charter conferring some power of government, or of one limiting the exercise of some other function, may as effectually regulate its internal policy as the passage of a special law giving it some new attribute of local sovereignty.

With this local law, the affairs of the city are controlled in one way; without it, they are controlled in another and different way, in an important respect.

Another ground upon which an attempt is made to indicate the validity of this law, is that, in effect, it substitutes the general act concerning inns and taverns for the prior existing local law, and that, therefore, its effect is not to regulate the internal affairs of Morristown by special, but by general legislation.

One of the chief objects of the constitutional amendments was to bring into harmony the many local charters which had been previously granted, by removing the great diversity in powers which had been given to the various municipalities in them.

It was not intended that cities should be governed by the same local laws that pertain to the country districts.

Prior to the recent change in our state constitution, the legislature, in the exercise of its discretion, had seen fit to bestow upon a large number of municipalities the right to grant licenses through their common council.

Even if these localities did not now possess such power, it would undoubtedly be a valid exercise of legislation, to grant to all municipal governments within the state such authority, by a general enactment, thus withdrawing them from the operation of the act concerning inns and taverns.

Such a classification would be clearly unobjectionable; it

would produce uniformity in government, and be appropriate to the designated class.

To withdraw by special legislation, from one of these public corporations, that power with which, in common with others, it is now endowed, would tend to create diversity, and not uniformity. It is the selection of one from a class upon which to work a change by a special local enactment.

If Morristown had been the only place possessed of the licensing power, a different case would be presented, for then the effect of the law would be to bring it into harmony with other charters; now, the reverse is true—it destroys the harmony which before existed, in this respect, between this and other like charters.

Granting the validity of this act, there seems to be no limit to the confusion and disturbance which may be introduced into local governments by special repealing enactments.

In one, the existing manner of laying out and opening highways may be extinguished, leaving the general state law to supply its place. In another, the state law may be made to displace the mode of collecting the taxes, and so on through every department of government, each successive act of legislative interference contributing to swell the volume of confusion necessarily flowing from dissimilarity.

The Chief Justice, in *Van Riper* v. *Parsons*, 11 *Vroom* 1, clearly points out the evils to be repressed by the recent amendments. He says:

"The object of the constitutional regulation is manifest. It was to exterminate, root and branch, special and local legislation, and to substitute general law in the place of it, in every instance in which such substitution could be effected." Again he says: "Among these minor mischiefs was the practice of amending and supplementing municipal charters with a profusion that knew no bounds, the consequence being, that the law of this department was kept in a state of constant flux and transition, so as to make the consolidation of it into a system by judicial decision an impossibility. These and others of a similar cast were the mischiefs that the

constitutional supplement in question was intended to eradicate."

All these evils are continued and aggravated by the act before us, and by every like device which may be resorted to in order to evade the clearly-written mandate of the fundamental law.

The courts should not be astute to suggest or to countenance nice distinctions, where the law is so plainly declared.

I concur in the view expressed by the Supreme Court, in *Sutterly* v. *Camden Common Pleas*, 12 *Vroom* 495, that laws of this character are unconstitutional and void.

The judgment below should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, MAGIE, PARKER, REED, VAN SYCKEL, CLEMENT, COLE, DODD LATHROP—10.

*For reversal*—None.